## In re ANDERSON.

District Court, D. Rhode Island. November 4, 1929.

No. 27873.

Henry Nicolls, District Director of Naturalization, for the United States.

LETTS, District Judge. There is before the court the petition of James Albert Anderson (George Northup) praying that he be admitted a citizen of the United States, and also the motion interposed on behalf of the United States that said petition be dismissed without prejudice.

The petitioner filed his declaration of intention with the clerk of this court on the 4th day of November, 1926. There is now annexed to said declaration a certificate of arrival for naturalization purposes, certifying as follows:

" * * * That the following-named alien arrived at the port indicated, on the date and in the manner described below, viz:

Name of alien: George Northup
Port of entry: Calais, Me.
Date of arrival: March 22, 1923
Name of vessel: Bridge."

This certificate was signed by the inspector in charge on behalf of the United States Commissioner of Immigration.

At the time of the hearing, it was agreed on behalf of the United States that the petitioner possessed all necessary qualifications, educational and otherwise, to become a citizen. It was agreed that the certificate bearing the name "George Northup" annexed to the declaration of intention was the certificate

of "James Albert Anderson"; the petitioner having been admitted under the former name.

It is conceded that the petitioner lawfully entered for permanent residence. The objection to his naturalization and the grounds advanced in support of the motion to dismiss are based solely upon the form of the certificate of arrival now presented.

The Act of Congress of March 2, 1929, to supplement the Naturalization Laws, provided in section 4 thereof (8 USCA § 377b) as follows:

"No declaration of intention shall be made by any alien under such Act of June 29, 1906, as amended, or, if made, be valid, until the lawful entry for permanent residence of such alien *shall have been established, and* a certificate showing the date, place, and manner of his arrival shall have been issued."

General Order No. 39, of the Department of Labor, Bureau of Naturalization, provides in part as follows:
"General Order No. 39.

"Subject: Procedure under act of March 2, 1929 (Public—No. 962), to supplement the naturalization laws and for other purposes.

"Administrative       Procedure—Revised Forms.

"1. So far as practicable the procedure under the act of March 2, 1929 (Public—No. 962), will be adapted to the present practice with such changes only as are indicated herein."

"3. Forms Nos. 2213 and 2214 *and the present forms of certificate of arrival will be obsolete and void* at the close of June 30, 1929. New Forms Nos. A–2213 for declarations of intention, A–2214 for petitions for naturalization, and Nos. 161 and 160 for certificate of arrival will be used exclusively after that date. Action must be taken sufficiently in advance to insure, without fail, that clerks of courts shall surrender to the field offices immediately after June 30 all Forms 2213 and 2214, whether blank or executed (with certificates of arrival and all accompanying papers), where declarations of intention or petitions for naturalization have not actually been filed prior to July 1, 1929.
* * *

"5. * * * Upon receipt of the previously issued certificate of arrival and the new blank form, the issuing officer will issue a certificate of arrival on the new form from the facts set forth in the old certificate. This will be done without necessarily searching the immigration records. The new certificate will be dated as of the current date, and the old certificate of arrival marked 'Canceled'

across its face. The new and old certificates of arrival will then be returned to the naturalization field office in the usual course, where, after comparison, the old certificate of arrival will be destroyed. * * *

"7. On and after July 1, 1929, each prospective declarant shall be required to fill out properly, sign, and forward to the appropriate district director of naturalization preliminary application Form No. A–2213, accompanied by two photographs of the applicant signed by him, and the *statutory fee of '$5 in the form of a money order* for the necessary certificate of arrival, regardless of the date of entry into the United States.
* * * * "

This matter has been heard as a test case, and will affect the rights of other applicants similarly situated. There is no question raised as to the propriety of the regulation for the future administration of the Naturalization Law. The case involves only the question as to the right of the Bureau to make the above regulation retroactive and invalidate the certificate of arrival here presented. The form of substituted certificate, insisted upon by the Bureau of Naturalization, is as follows:

"U. S. Department of Labor Bureau of Naturalization.
                              "No. ———.
"Certificate of Arrival.

"I hereby certify that the Immigration records of the Department of Labor show that the alien named below arrived at the port, on the date, and in the manner shown, and was lawfully admitted to the United States of America for permanent residence.

Port of entry:
Name:
Date:
Manner of arrival:

"I further certify that this certificate of arrival is issued under authority of, and in conformity with, the provisions of the Act of June 29, 1906, as amended, solely for the use of the alien herein named and only for naturalization purposes.

In Witness Whereof, this Certificate of Arrival is issued       ———————,
"By Direction of the Secretary of Labor.
       "Raymond F. Crist,
              "Commissioner of Naturalization."

It will be observed that the new form contains no new matter beyond the certification that the alien was lawfully admitted to the United States for permanent residence. It is conceded in the present action that Anderson was so admitted.

It appears from the fifth paragraph of

General Order No. 39 that, if the Clerk of this court had complied with the request of the Commission to return all certificates of arrival on file as of June 30, 1929, the new certificate would be issued upon the new form "from the facts set forth in the old certificate." It does not appear that any necessary purpose is to be accomplished by the return of these certificates and the issuance of new ones beyond the collection of an additional $5 fee from the applicant. Certainly there is no necessity of a certification of lawful entry for permanent residence when that fact is as here conceded.

The certificate in the old form sets forth all data in respect to the three facts required by section 4 of the Act of March 2, 1929, in the same manner and form as would appear upon the new or substituted certificate. When the certificate of arrival here annexed was issued to applicant, Anderson, it was in connection with the steps already taken by him preparatory to asking to be admitted as a citizen by this court. Although the petition itself had not as yet been filed, the declaration of intention had, and a filing fee paid.

I can see no justification in law of giving to the regulation of the Department in this case retroactive effect to the extent of invalidating the present certificate, which discloses all information required by the statute, simply to enable the Department to collect a further fee from the petitioner.

The motion to dismiss is denied, and the petition is granted.